## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.     8:24-cv-01617-TJH-AJR                    Date:  May 15, 2025
                                                      Page 1 of 3

Title:     Juan Antonio Pacheco v. A. Moreno

---

DOCKET ENTRY:     **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EFFECTUATE SERVICE AND FAILURE TO PROSECUTE**

---

PRESENT:

### HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

    On September 3, 2024, *pro se* Plaintiff Juan Antonio Pacheco ("Plaintiff") filed an Amended Complaint under 42 U.S.C. § 1983 ("Amended Complaint").  (Dkt. 9.)  The Amended Complaint names a single defendant, Orange County Sheriff Deputy "A. Moreno" ("Defendant").  Pursuant to the Court's order directing service of process, the U.S. Marshals were unable to serve Defendant because he could not be located at the address Plaintiff provided in his original Complaint.  (Dkt. 17.)  On November 26, 2024, the Court instructed Plaintiff to serve one or more subpoenas duces tecum directed to the Orange County Sheriff's Department, Professional Standard Division at 320 N. Flower Street, Santa Ana, CA 92703, to obtain Defendant's identifying information.  (Dkt. 20.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    8:24-cv-01617-TJH-AJR                Date:  May 15, 2025
                                                 Page 2 of 3

Title:    Juan Antonio Pacheco v. A. Moreno


        On January 24, 2025, Plaintiff filed a Proof of Service for the subpoena(s) but failed to submit a copy of the subpoena to the Court.  (Dkts. 27, 28.)  On January 31, 2025, the Court again instructed Plaintiff to file a copy of the subpoena(s) so that a summons could be issued and service of process could be effectuated by the U.S. Marshals.  (Dkt. 29.)

        On February 20, 2025, Plaintiff filed a "Notice of Complying to Court Order." (Dkt. 32.)  However, Plaintiff once again did not submit a copy of the subpoena allegedly served on the Orange County Sheriff's Department.  (Id.)

        On March 10, 2025, the Court granted Plaintiff another opportunity to submit a copy of the subpoena so that the Court could direct the U.S. Marshals to assist with service.  (Dkt. 33.)  On March 24, 2025, Plaintiff file a request seeking an extension of time to submit a copy of the subpoena to the Court.  (Dkt. 34.)  On March 26, 2025, Plaintiff filed a notice stating that he had complied with the Court's orders and submitted a copy of the subpoena to the Court, but no subpoena was attached to this filing.  (Dkt. 36.)

        On April 3, 2025, the Court granted Plaintiff an extension until April 30, 2025 to submit a copy of the subpoena to the Court.  (Dkt. 35.)  As of today, Plaintiff has neither filed a copy of the subpoena(s) nor requested an additional extension of time to do so.  The action cannot proceed unless and until Plaintiff effectuates service of the subpoena, which does not appear to have occurred.  The Court is attempting to assist by directing the U.S. Marshals to effectuate service, but needs Plaintiff to file with the Court a copy of the Subpoena.

        The Court Clerk is directed to provide Plaintiff with two new subpoena forms. **Plaintiff must submit a copy of the subpoena forms to the Court by June 13, 2025.**

        **Until and unless Plaintiff can clearly identify a named defendant for service, this case cannot proceed.  Plaintiff is expressly advised that if he does not file a copy of the subpoena(s) by June 13, 2025 or respond to this Order, the Court will recommend that this action be dismissed with prejudice for failure to effectuate**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.      8:24-cv-01617-TJH-AJR                       Date:  May 15, 2025
                                                         Page 3 of 3

Title:      <u>Juan Antonio Pacheco v. A. Moreno</u>

**service under Rule 4(m) and failure to prosecute and obey court orders under Rule 41(b).**  <u>See</u> Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1064-65 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum . . . is properly met with the sanction of a Rule 41(b) dismissal."); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

   If Plaintiff no longer wishes to pursue this action, he may voluntarily dismiss the entire action, certain claims, or certain defendants by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  <u>A form Notice of Dismissal is attached for Plaintiff's convenience</u>.

   IT IS SO ORDERED.

<u>Attachment</u>:

AO 88B, Subpoena Forms, <u>available at</u> https://www.uscourts.gov/sites/default/files/ao088b.pdf.
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).